Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued May 10, 2004          Decided June 29, 2004

No. 03-7135

RAYTHEON COMPANY,
APPELLANT

v.

ASHBORN AGENCIES, LTD,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 02cv02133)

———

*Brian P. Waagner* argued the cause for appellant. With him on the briefs were *J. William Eshelman* and *J. Michael Littlejohn*.

*Matthew C. Gruskin* argued the cause and filed the brief for appellee.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before: Ginsburg, *Chief Judge*, and Sentelle and Roberts, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* Ginsburg.

Ginsburg, *Chief Judge*: Raytheon Company appeals from the district court's dismissal of its petition to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 4 and 206. Because Raytheon's claimed injury is not redressable by the court, the Company lacks standing to sue under Article III of the Constitution of the United States. Hence we affirm the judgment of the district court dismissing its petition.

## I. Background

In March 1977 Raytheon's predecessor, E-Systems, Inc. entered into a Consulting Agreement with Ashborn Agencies, Ltd., an Israeli corporation. The Agreement contained the following arbitration clause:

> If any dispute arises between the parties hereto, as to the meaning of this Agreement or any parts thereof, or as to the rights or obligations of either party hereunder, such dispute or difference shall be referred for decision to a Board of three arbitrators. In case of failure of either party to appoint its arbitrator . . . the missing members of the Board shall be appointed by the International Chamber of Commerce. The arbitration shall be conducted in Washington, D.C., United States of America. The parties hereto agree to accept the decision of the Board of arbitrators and judgement upon any award rendered hereunder may be entered into in any Court of CONSULTANT's country or the United States of America. The rules of arbitration of the International Chamber of Commerce shall apply. The arbitrator shall apply the laws of the State of Texas, United States of America.

In March 2000 Ashborn demanded $575,152 from Raytheon for services provided under the Agreement, but Raytheon disputed the amount. When the parties proved unable to settle the matter, Raytheon filed a demand for arbitration

with the ICC. Shortly thereafter Ashborn informed Raytheon it had decided to pursue its claims in the courts of Israel, and it would "strictly oppose any attempt to enforce [the arbitration] provision."

Ashborn filed an action for damages in the Tel Aviv-Jaffa District Court, raising claims Raytheon was seeking to resolve through arbitration. Raytheon responded by filing in the United States District Court for the District of Columbia a petition to compel arbitration pursuant to the Federal Arbitration Act; it sought an order requiring Ashborn "to comply with its written commitment to arbitrate its commercial disputes arising from its two-decade marketing consulting agreement with [Raytheon]."

As a party to an international arbitration agreement, Raytheon was proceeding pursuant to Chapter 2 of the FAA, *see* 9 U.S.C. § 201 *et seq.*, which incorporates the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Chapter 1 of the Act applies, however, "to actions and proceedings brought under [Chapter 2] to the extent that [Chapter 1] is not in conflict with [Chapter 2] or the Convention as ratified by the United States." *Id.* § 208. Chapter 1, section 4 of the Act, 9 U.S.C. § 4, provides in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.

Although the district court determined the parties had agreed to arbitrate many of the claims Ashborn is pursuing in Israel, it dismissed Raytheon's petition. The district court concluded, first, the aggrieved party requirement in § 4 does not conflict with anything in Chapter 2 or the Convention; and second, because the arbitration rules of the ICC — which were incorporated by reference into the parties' agreement — permit *ex parte* proceedings, Raytheon is not "aggrieved" within the meaning of § 4 by Ashborn's refusal to participate, and therefore lacks standing to sue.

On appeal Raytheon disputes both points. Because we conclude Raytheon does not have constitutional standing to sue, we do not reach either one. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 96-102 (1998) (Article III standing must be resolved as threshold matter).

## II. Analysis

In order to satisfy the "irreducible constitutional minimum of standing," a petitioner must demonstrate: (1) it has suffered (or is about to suffer) an injury-in-fact, that (2) was caused by the respondent and (3) would be redressed by the relief sought from the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here we are concerned with the first and the third of these requirements.

Raytheon first claims it is injured by Ashborn's refusal to arbitrate. Because the Agreement and the rules of the ICC allow Raytheon to proceed to arbitration *ex parte*, however, Raytheon has not demonstrated it suffered any injury-in-fact as a result of Ashborn's refusal to participate in the arbitration; Ashborn's absence should, if anything, make it easier for Raytheon to obtain a favorable award. In any event, it is insufficient to establish that Raytheon has been injured.

Raytheon next argues it is injured by Ashborn's having sued it in Israel. Specifically, Raytheon points to the costs and burdens associated with filing its court-ordered response to Ashborn's complaint, translating pleadings and other documents from Hebrew into English and vice versa, and arranging for the travel of witnesses and company personnel from the United States to Israel "in the midst of ongoing and dangerous terrorist attacks" in the region. Raytheon's having to incur these costs and burdens certainly satisfies the injury requirement of Article III. *See Franchise Tax Bd. of Ca. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1990) (threat of relatively small financial injury sufficient to confer Article III standing); *Sea-Land Serv., Inc. v. U.S. Dep't of Transp.*, 137 F.3d 640, 648 (D.C. Cir. 1998) ("The concrete cost of an additional proceeding is a cognizable Article III injury").

This claimed injury, however, implicates another requirement of Article III, namely, that it be redressable by the court.

An order compelling Ashborn to appear in arbitration proceedings in the District of Columbia would not do anything to redress the injury Raytheon suffers as a result of having to defend itself in the case Ashborn brought in Israel. Unlike the plaintiff in the case upon which Raytheon principally relies, *see Northwest Airlines, Inc. v. R & S Co.*, 176 F. Supp. 2d 935, 939-41 (D. Minn. 2001) (issuing order to compel arbitration and preliminary injunction to halt litigation defendants had initiated in Lebanon), Raytheon, perhaps wisely, is not seeking to enjoin its adversary from pursuing litigation abroad, s*ee China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987) (principles of comity counsel that injunctions restraining foreign litigation be "used sparingly" and "granted only with care and great restraint"); *see also General Elec. Co. v. Deutz AG*, 270 F.3d 144, 160 (3d Cir. 2001); *Laker Airways, Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 937-38 (D.C. Cir. 1984).

Absent reason to believe Ashborn would drop its case in Israel if it had to appear at the arbitration proceedings in the District of Columbia, which Raytheon does not claim and Ashborn clearly said it would not do, Raytheon simply cannot demonstrate it is "likely, as opposed to merely speculative, that [its] injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. Because the relief Raytheon seeks here will not redress the injury of which it complains, the Company lacks Article III standing to sue.

### III.   Conclusion

For the foregoing reasons, the judgment of the district court dismissing Raytheon's petition is

*Affirmed.*